IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANIELLE T. COLVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:19-CV-757-WKW-KFP |
| | ) | |
| MEGAN BRENNAN, Postmaster General, | ) | |
| | ) | |
| Defendant. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Danielle T. Colvin, appearing pro se, alleges in this lawsuit that Defendant

Megan Brennan, Postmaster General for the United States Postal Service, violated Title

VII of the Civil Rights Act of 1964 by discriminating against her based on her race and

sex.[1] Before the Court is a Motion for Remand filed by Colvin (Doc. 8) and a response in

opposition from the Postal Service (Doc. 18). For the reasons that follow, the undersigned

RECOMMENDS that Colvin's motion be DENIED.

---

[1] Although the Complaint does not specify whether Colvin is suing Brennan in her individual capacity or in her official capacity as Postmaster General for the Postal Service, "[i]t is well established in this circuit that Title VII does not impose individual liability" and "[a] plaintiff may not bring a Title VII claim against an employer's agent in his or her individual capacity." *Cobb v. Marshall*, 481 F. Supp. 2d 1248, 1256 (M.D. Ala. Mar. 14, 2007) (citing *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (holding that "individual capacity suits under Title VII are . . . inappropriate") and *Cross v. Ala. Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1504 (11th Cir. 1995) (affirming the *Busby* holding in an action brought after 1991 amendments to Title VII)). Thus, the undersigned will treat Colvin's suit as one against Brennan in her official capacity only and, therefore, against the Postal Service. *See Hobbs v. Roberts*, 999 F.2d 1526, 1530 (11th Cir. 1993) ("Official capacity suits are suits against state agencies, not against the people through whom agencies act.").

## I.      BACKGROUND

On August 23, 2019, Colvin initiated this action by filing a Complaint against the Postal Service in the Circuit Court for Montgomery County, Alabama. Doc. 1-1. While employed with the Postal Service in July 2015, Colvin alleges she was "excessed out of her station and rejected for the position that she was scheme qualified and working and replaced by [a Caucasian male employee] outside of the section who was not deemed qualified or a part of the section." *Id.* at 1. This—and other wrongful actions throughout her employment—occurred at least in part, according to the complaint, because she is an African American female. On October 7, 2019, the Postal Service removed this action to this Court under 28 U.S.C. § 1442(a)(1). *See* Docs. 1-3, 3.

## II.      DISCUSSION

In her motion, Colvin seeks remand to state court, arguing that the Postal Service's removal was untimely. Specifically, Colvin argues that Brennan was served with the summons via certified mail on September 3, 2019, and the Notice of Removal was filed on October 7, 2019—more than 30 days after receipt of the summons. *See Robinson v. GE Capital Mortg. Serv., Inc.*, 945 F. Supp. 1516, 1517 (M.D. Ala. 1996) ("28 U.S.C. § 1446 requires removal from a state court to a federal court to be within 30 days after service of summons upon the defendant."). In response, the Postal Service argues that its General Counsel's office did not receive a copy of the complaint and summons until September 9, 2019—less than 30 days before the Notice of Removal was filed—and, to date, Colvin has

still not effected proper service. For the following reasons, the undersigned finds that the removal was timely.

Under 28 U.S.C. § 1442(a)(1), any civil action commenced in state court against "[t]he United States or any agency thereof or any officer . . . of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office" may be removed to federal court. Additionally, the Postal Reorganization Act of 1970, which governs suits against the Postal Service, specifically provides that "[a]ny action brought in a State court to which the Postal Service is a party may be removed to the appropriate United States district court under the provisions of chapter 89 of title 28." 39 U.S.C. § 409(a). Chapter 89 of Title 28 is comprised of 28 U.S.C. §§ 1441-1455. Thus, as an initial matter, § 1442(a)(1) is applicable here.

As noted above, a defendant who wishes to remove a civil action from state to federal court must generally file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). The Supreme Court has interpreted this language to mean that a "defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *McClain-Leazure v. Colvin*, 2017 WL 3034331, at *1 (S.D. Ala. July 17, 2017) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999)). In other words, the 30-day period for removal does not commence until a plaintiff has properly served process. *Id.*

"[T]he removing defendant's burden extends to demonstrating, when properly challenged, its compliance with the procedural requirements for removal." *Id.* at *2 n. 9 (citing *Tucker v. Equifirst Corp.*, 57 F. Supp. 3d 1347, 1349 (S.D. Ala. 2014)). "Because the timeliness of removal depends on whether and when the defendant was served with process, and because it is the plaintiff's responsibility to effect service, a plaintiff does not 'properly challenge' timeliness unless and until she demonstrates such service." *Id.* Thus, at the outset, the plaintiff bears the burden of demonstrating that service was proper.[2] In this case, Colvin has not met her burden of demonstrating that she effected proper service on Brennan or the Postal Service under either the Federal Rules of Civil Procedure or the Alabama Rules of Civil Procedure.[3]

### A.    Federal Rules of Civil Procedure

Under the Federal Rules, to serve "a United States agency . . . or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency[,] officer, or employee." Fed. R. Civ. P. 4(i)(2). To serve the United States, a party must generally deliver a copy of the summons and complaint to the United States

---

[2] Plaintiffs bear this burden whether service was made under the Federal Rules of Civil Procedure or the Alabama Rules of Civil Procedure. *See Seong Ho Hwang v. Gladden*, 2016 WL 9334726, at *3 (M.D. Ala. Dec. 21, 2016) ("Under Alabama law, when the service of process on the defendant is contested as being improper or invalid, the burden of proof is on the plaintiff to prove that service of process was performed correctly and legally. Plaintiffs must carry this burden even when the issue of service is presented in the context of a motion to remand.") (internal quotations and citations omitted).

[3] Courts have analyzed service of the United States in state court under both federal and state rules. *See O'Callaghan v. United States*, 686 F. Supp. 2d 826, 828 (N.D. Ill. 2010) (analyzing service of the United States in Illinois state court under the Federal Rules of Civil Procedure); *McClain-Leazure*, 2017 WL 3034331, at *2 (analyzing service of the United States in Alabama state court under the Alabama Rules of Civil Procedure). The Court need not determine which rules are applicable here, as Colvin has failed to demonstrate proper service under either.

attorney for the district in which the action is brought or send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office and send a copy of each by registered or certified mail to the Attorney General of the United States. Fed. R. Civ. P. 4(i)(1).

Here, Colvin alleges simply that "[t]he Postmaster General and Chief Executive Officer of the World's largest Postal Organization was served summons on September 03, 2019." Doc. 8 at 4. Colvin attaches to her motion a copy of the summons—addressed to Brennan at a Washington, D.C., address published on the Postal Service's website and designated "USPS Headquarters PCC"[4]—stamped with an unsigned, unmarked certified mail receipt (Doc. 8-3 at 7) and a printout of her tracking history indicating that an unspecified "item was delivered to the front desk, reception area, or mail room at 10:00 am on September 3, 2019 in WASHINGTON, DC 20260" (Doc. 8-13 at 1, 2).

Because the certified mail receipt is neither signed nor dated, it is unclear from Colvin's filings when the summons and complaint were actually received by Brennan or another authorized agent. However, even assuming that the above demonstrates proper service on Brennan and the Postal Service, Colvin has not demonstrated that she has taken any of the steps necessary to serve the United States as required under Fed. R. Civ. P. 4(i)(2). Indeed, Colvin does not allege and has presented no evidence indicating that she also delivered the summons and complaint to the United States attorney for this district or

---

[4] *See* about.usps.com/what/business-services/postal-customer-council/pcc-locator-results.htm?st= HQ.

mailed a copy of each to the civil-process clerk and the Attorney General. Thus, Colvin has not demonstrated proper service under the Federal Rules.

### B.    Alabama Rules of Civil Procedure

Colvin has also not demonstrated proper service under the Alabama Rules. First, to the extent Colvin argues the Postal Service is a corporation under Ala. R. Civ. P. 4(c)(6), which governs service on corporations and other private entities, she is incorrect. In *U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736 (2004), the Supreme Court stated:

> The [Postal Reorganization Act's] designation of the Postal Service as an "independent establishment of the executive branch of the Government of the United States" is not consistent with the idea that it is an entity existing outside the Government. The statutory instruction that the Postal Service is an establishment "of the executive branch of the Government of the United States" indicates just the contrary. The [Postal Reorganization Act] gives the Postal Service a high degree of independence . . . but it remains part of the Government.

*Id.* at 746. The Court further specifically noted that "Congress . . . declined to create the Postal Service as a Government corporation, opting instead for an independent establishment." *Id.* Second, to the extent Colvin argues that the United States is a governmental entity under Ala. R. Civ. P. 4(c)(8), which governs service on "local governments and other governmental entities," other Alabama district courts have held that this Rule does not apply to service on the United States or its agencies or officers. *See McClain-Leazure*, 2017 WL 3034331, at *2 (finding Rule 4(c)(8) "is limited to governments and governmental entities within a state" and does not apply to federal defendants).

However, even if the Court were to find either Rule 4(c)(6) or Rule 4(c)(8) applicable in this case, Colvin has not demonstrated proper service under either Rule. Although the Alabama Rules allow for service by certified mail in certain instances, such service is not effective unless and until Colvin receives a return receipt **bearing Brennan's signature or the signature of an authorized Postal Service agent.** *See Golson v. Pineda*, 693 F. App'x 850, 851 (11th Cir. 2017) (finding that plaintiff failed to demonstrate proper service under the Alabama Rules because there was no signature on the return receipt) (citing Ala. R. Civ. P. 4(i)(2)(C) ("Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the return receipt.")). In this case, as noted above, there is no signature or marking of any kind on the return receipt. *See* Doc. 8-3 at 7. Therefore, Colvin has failed to demonstrate that service was properly completed under the Alabama Rules.

## III.    CONCLUSION

Because Colvin has failed to meet her burden of demonstrating proper service under either the Federal or Alabama Rules, the 30-day period under § 1446(b) did not expire prior to removal. *See McClain-Leazure*, 2017 WL 3034331, at *2 ("Because the plaintiff has failed to show effective service of process, the 30-day clock of Section 1446(b) did not expire prior to removal."). Therefore, the Postal Service's removal to this Court was timely and Colvin's Motion for Remand should be denied.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Colvin's Motion for Remand (Doc. 8) be DENIED.

It is further

ORDERED that on or before **December 1, 2020,** the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 17th day of November, 2020.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE