IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIELLE T. COLVIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:19-CV-757-WKW-KFP |
| ) | |
| LOUIS DEJOY, Postmaster General, ) | |
| ) | |
| Defendant. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Danielle T. Colvin, appearing pro se, filed this action seeking injunctive and monetary relief in the Circuit Court of Montgomery County, Alabama, asserting race and sex discrimination, as well as retaliation, by the Postmaster General ("USPS") in violation of Title VII of the Civil Rights Act of 1964. Doc. 1-1. USPS removed the case to this Court. Doc. 1. USPS filed a Motion for Summary Judgment (Doc. 57), and Colvin submitted a response (Doc. 61) to which USPS filed a reply (Doc. 63). Colvin then filed an untimely additional response restating arguments presented in her initial response. Doc. 64. For the following reasons, the undersigned RECOMMENDS USPS's motion be GRANTED, judgment be entered for USPS, and this case be DISMISSED.

**I.    BACKGROUND**

Colvin started working at USPS in 1996 as a mail processing clerk, and she became a full-time postal worker in 2005. Colvin was a sales, services, and distribution clerk at the Downtown Branch in the Montgomery Installation. USPS excessed—involuntarily reassigned—Colvin from the Downton Branch but still within the Montgomery City

Installation on July 25, 2015. Colvin claims USPS excessed her, an African American woman, instead of a white man who was less qualified. Colvin asserts USPS reassigned her because of her race and sex. Doc. 1-1. USPS maintains it excessed Colvin because she was the most junior clerk at the Downtown Station. Moreover, USPS contends the sole decisionmaker responsible for excessing Colvin, Officer in Charge Michael Carlin, was not aware of Colvin's race or sex. Doc. 58.

USPS argues it is entitled to summary judgment for four principal reasons. First, Colvin failed to exhaust her administrative remedies for her retaliation claim. Second, Carlin did not know Colvin's race or sex when he excessed her, so he could not have intentionally discriminated against her. Third, USPS did not treat similarly situated employees differently than Colvin. Finally, USPS has offered a nondiscriminatory justification for excessing Colvin, and she failed to rebut it. *Id.*

Colvin, in a response devoid of substantive evidentiary citations,[1] asserts summary judgment is inappropriate for two reasons. First, the affidavits on which USPS relies are not signed on every page and the Court should not credit them. Second, Colvin has established the elements of a Title VII action because she suffered disparate treatment and

---

[1] The Uniform Scheduling Order and the Court's briefing order on summary judgment in this case specifically instructed that any discussion of evidence in a brief must include the specific reference, by page and line, to where the evidence can be found in the supporting evidentiary submission or in any document filed with the Court. Docs. 31 at 1; 60 at 1. It further warned that the Court is not required to consider documents or parts of documents that have not been specifically cited by page number. *Id*. The briefing Order set forth the requirements of Rule 56(c) of the Federal Rules of Civil Procedure regarding citations to material parts of the record. *Id*. at 2. Although pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed, *Trawinski v. United Techs.*, 313 F.3d 1295, 1297 (11th Cir. 2002), pro se litigants still must comply with the procedural rules governing the proper form of pleadings, *Galloway v. GA Tech. Auth.*, 182 F. App'x 877, 883 (11th Cir. 2006) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

an adverse employment decision while an unqualified white man was promoted. Colvin submitted an affidavit from herself along with discovery responses and correspondence between her and USPS throughout her employment. Doc. 61. USPS replies that Colvin improperly relied on unsubstantiated allegations in her pleadings to oppose summary judgment. Accordingly, USPS reiterated that the briefing shows there are no genuine disputes of material fact and that it is entitled to judgment as a matter of law. Doc. 63.

## II. LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, a reviewing court must grant a motion for summary judgment if the movant shows there is no genuine dispute of material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute "is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party. . . . [A dispute] is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The party asking for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and alerting the court to portions of the record that support the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, once the movant has satisfied this burden, the nonmovant is similarly required to cite portions of the record showing the existence of a material factual dispute. *Id.* at 324. To avoid summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith*

3

*Radio Corp.*, 475 U.S. 574, 586 (1986). In determining whether a genuine dispute for trial exists, the court views the evidence in the light most favorable to the nonmovant and draws all justifiable inferences from the evidence in the nonmoving party's favor. *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003); *see* Fed. R. Civ. P. 56(a).

**III.   DISCUSSION**

    **A.   Credibility of USPS Affidavits**

Preliminarily, Colvin argues USPS's affidavits are partially ineffective because they are not signed on each page. Colvin cites to 22 C.F.R. § 92.28 to support her assertion. Colvin's argument misconstrues the law. The section of the Code of Federal Regulations to which Colvin refers deals with issues of foreign relations and is directed at the State Department. That regulation does not, as Colvin maintains, control affidavits for all matters involving the federal government. Furthermore, nothing in the regulation supports Colvin's contention that every page of an affidavit must be signed. It is also noteworthy that Colvin did not sign every page of her own affidavit. Doc. 61-36. Accordingly, Colvin's argument that USPS's affidavits are invalid is unavailing.

    **B.   Exhaustion of Administrative Remedies**

Colvin attempts to bring an action for retaliation for filing an Equal Employment Opportunity complaint against USPS in 2012. Colvin contends, for the first time, that she has experienced ongoing retaliation, including her reassignment, since 2012. Colvin did not previously make this argument to the Equal Employment Opportunity Commission Administrative Judge or on appeal to the EEOC. The Code of Federal Regulations requires federal employees who allege they have endured discrimination to consult an EEO

counselor about each purported incident of discrimination within 45 days. 29 C.F.R. § 1614.105(a); *see Thomas v. Miami Veterans Med. Ctr.*, 290 F. App'x 317, 318–19 (11th Cir. 2008) (citing *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999)).

USPS attached Colvin's initial EEO complaint, dated October 21, 2015, to its brief. Doc. 58-3 at 3–6. In it, Colvin checked only race and sex as the motivation for the discrimination of which she was complaining. Colvin did not identify retaliation for a previous EEO filing. Furthermore, Colvin wrote a narrative of her side of the alleged discrimination in which she never mentioned retaliation. After receiving her complaint, the EEOC sent Colvin correspondence identifying the two issues for its review as race and sex discrimination. The letter gave Colvin seven days to object to the scope of review. Doc. 58-3 at 7–10. There is no indication that Colvin protested. Accordingly, because Colvin failed to exhaust the mandatory administrative remedies for any retaliation claim, this Court's review is confined to Colvin's allegations of race and sex discrimination. See *Wills v. Postmaster Gen.*, 300 F. App'x 748, 750–51 (11th Cir. 2008) (in case where plaintiff's EEOC complaint mentioned a single harassment incident, that incident was the only harassment claim to be exhausted, and district court did not err in barring the remaining claims for failure to exhaust available administrative remedies).

    **C.**    **Prima Facie Case of Title VII Discrimination**

To prove a case of race or sex discrimination under Title VII, Colvin must establish USPS intentionally discriminated against her. *See Lubetsky v. Applied Card Sys., Inc.*, 296 F.3d 1301, 1305 (11th Cir. 2002) (citing *McDonnel Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). The elements of a prima facie case of Title VII discrimination are: (1) the

5

plaintiff is part of a protected class; (2) the plaintiff was qualified for the job at issue; (3) the plaintiff suffered an adverse employment action; and (4) the defendant treated similarly situated others outside plaintiff's protected class more favorably. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008) (citing *Knight v. Baptist Hosp. of Miami, Inc.*, 330 F.3d 1313, 1316 (11th Cir. 2003) (per curiam)); *see Schrock v. Publix Super Mkts., Inc.*, 653 F. App'x 662, 663–64 (11th Cir. 2016) (outlining the elements of a prima facie case of sex-based employment discrimination). Here, there is no dispute Colvin can satisfy the first three elements. First, as an African American woman, Colvin is a member of a protected class. Second, there is no indication she was not qualified for the job at issue, as it was the job she was then performing. Third, USPS does not contest it subjected Colvin to an adverse employment action when it involuntarily excessed her. *See Nash v. Palm Beach Cnty. Sch. Dist.*, 469 F. App'x 712, 714 (11th Cir. 2012) (noting involuntary reassignment can be an adverse employment action in certain circumstances). The only questions, therefore, are whether USPS intentionally discriminated against Colvin and whether USPS treated similarly situated employees outside Colvin's protected class more favorably.

       **1.**     **Intentional Discrimination**

USPS claims Carlin, the sole decisionmaker in choosing the employees to excess, was unaware of Colvin's race or sex and, thus, could not have discriminated against her on the basis of race or sex. A person accused of discriminating against another because of race or sex must have known the other's race or sex. *Lubetsky*, 296 F.3d at 1305–06. This knowledge must be actual rather than implied or constructive. *Id.* at 1306 (citing *Walker v. Prudential Prop. & Cas. Ins.*, 286 F.3d 1270, 1274 (11th Cir. 2002)).

6

Carlin has submitted an affidavit asserting he did not know Colvin's race or sex when he excessed her. Doc. 58-2 at 4. Moreover, in a sworn statement to the EEOC, Carlin attested he did not know the identities of those who were excessed until Colvin filed her EEO complaint. Doc. 61-1 at 2. All Carlin knew was he excessed the seven most junior clerks by seniority. He did not know the identities of those clerks.

To this, Colvin presents no factual response. She states her supervisor, Tanya R. Kelly, knew Colvin's race and sex. Doc. 61 at 19–21. Yet, Kelly has executed an affidavit testifying she had no knowledge of or involvement in Carlin's decision to excess Colvin. Instead, Kelly only learned Colvin was being excessed when she received Carlin's letter to Colvin notifying her of the decision. Doc. 58-2 at 4.

Colvin has pointed to no evidence outside her pleadings establishing Carlin, the sole decision maker, actually knew her race or sex. Consequently, there is no genuine dispute of material fact on this question. Colvin cannot prove USPS intentionally discriminated against her, which is required under Title VII. *Meeks v. Comput. Assocs. Int'l*, 15 F.3d 1013, 1018–20 (11th Cir. 1994). Therefore, USPS did not intentionally discriminate against Colvin on the basis of sex or race, and it is entitled to judgment as a matter of law.

### 2. Similarly Situated Employees

Colvin's claim also fails because she and Chad Edler were not similarly situated. A Title VII plaintiff and her comparator must be "similarly situated in all material respects." *Lewis v. City of Union City*, 918 F.3d 1213, 1227–28 (11th Cir. 2019). This determination is a case-by-case factual inquiry, and the standard does not demand the two be similar in every respect or "in all but the protected ways." *Id.* at 1227 (quoting *Young v. United Parcel*

*Serv., Inc.*, 575 U.S. 206, 228 (2015)). Thus, a plaintiff does not have to show that she and her comparator are indistinguishable except for their race and gender. *Id.*

However, the Eleventh Circuit has identified certain similarities most plaintiffs will have in common with their comparators. First, the comparator will have engaged in the same conduct or misconduct as the plaintiff. *Id.* (citing *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 580, 583 (6th Cir. 1992)). Second, the comparator "will have been subject to the same employment policy, guideline, or rule as the plaintiff[.]" *Id.* (citing *Lathem v. Dep't of Child. & Youth Servs.*, 172 F.3d 786, 793 (11th Cir. 1999)). Third, the comparator "will ordinarily (although not invariably) have been under the jurisdiction of the same supervisor as the plaintiff[.]" *Id.* at 1227–28 (citing *Jones v. Gerwens*, 874 F.2d 1534, 1541 (11th Cir. 1989)). Finally, the comparator "will share the plaintiff's employment or disciplinary history[.]" *Id.* at 1228 (citing *Tennial v. United Parcel Serv., Inc.*, 840 F.3d 292, 304 (6th Cir. 2016)). These are general guideposts, but they are not the only factors a court may consider. *Id.* at 1227. The goal of the similarly situated inquiry is to determine whether the plaintiff and comparator are actually similarly situated rather than focusing on labels and formalities. *Id.* at 1228 ("[A] valid comparison will turn not on formal labels, but rather on substantive likenesses.").

USPS argues Colvin and Edler were not similarly situated because they have different seniority dates. Doc. 58 at 13. Edler's seniority date was March 5, 2005 (Doc. 58-2 at 3), while Colvin's seniority date was May 28, 2005 (Docs. 58-2 at 3, 61-36 at 2). USPS supports its argument with affidavits from Carlin and Kelly. Carlin testifies his decision to excess Colvin was based solely on seniority, and she was the least senior clerk at the

8

Downtown Branch. Doc. 58-1 at 4. Kelly attests to the seniority dates for Colvin and Edler. Doc. 58-2 at 3. For her part, Colvin acknowledges in her own declaration that her seniority date is May 28, 2005, and she offers no rebuttal to Edler's seniority date. Colvin notes she was a casual employee at USPS as early as 1996, but she did not become a postal worker until May 28, 2005. Doc. 61-36 at 2.

Using the Eleventh Circuit's guideposts, Colvin and Edler did not have the same employment history because Edler had a lengthier tenure as a full-time USPS employee. *Lewis*, 918 F.3d at 1228 (citing *Tennial*, 840 F.3d at 304). Thus, Colvin and Edler were not similarly situated. *See Tyson v. Gannett Co.*, 538 F.3d 781, 783–84 (7th Cir. 2008) (noting that different seniority dates, when they are the central factor in an employment decision, render employees not similarly situated); *Filar v. Bd. of Ed. of the City of Chicago*, 526 F.3d 1054, 1061–62 (7th Cir. 2008). There is no genuine dispute that Colvin and Edler had different seniority dates, and USPS is entitled to judgment as a matter of law because Colvin and her comparator were not similarly situated.

### D. Non-Discriminatory Justification

Even assuming Colvin could prove a prima facie case of Title VII discrimination, Colvin's claim would still fail to survive the summary judgment motion. After a Title VII plaintiff makes out a prima facie case of race or sex-based discrimination, the burden shifts to the defendant to offer a legitimate, nondiscriminatory reason for the employment action. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506–07 (1993) (citing *Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 254 (1981)). The defendant's burden is a light one that does not involve a credibility determination. *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763,

9

769–70 (11th Cir. 2005) (citing *Hicks*, 509 U.S. at 509; *Perryman v. Johnson Prod. Co.*, 698 F.2d 1138, 1141 (11th Cir. 1983)). If the defendant makes this showing, the burden shifts back to the plaintiff to demonstrate the defendant's proffered justification is a pretext. *Dickinson v. Springhill Hosps., Inc.*, 187 F. App'x 937, 939 (11th Cir. 2006) (quoting *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272–73 (11th Cir. 2002)). Nevertheless, the ultimate burden to prove intentional discrimination rests with the plaintiff. *Id.* (citing *Joe's Stone Crabs, Inc.*, 296 F.3d at 1273).

Here, USPS contends, supported by a sworn declaration, Carlin had no knowledge of Colvin's race or sex, and he merely ordered the excessing of the seven most junior clerks in the Montgomery City Installation with a distribution between branches based on overstaffing. Docs. 58 at 4, 58-1 at 4. Carlin has stated that he did not learn of these individuals' names before Colvin's EEO complaint. Doc. 61-1 at 2. USPS maintains Carlin was addressing overstaffing problems and that he excessed Colvin, along with others, based solely on seniority and staffing needs consistent with the collective bargaining agreement. Because Carlin's job requires him to manage employment, he did so in consultation with the American Postal Workers Union (consistent with the collective bargaining agreement), and he did not know Colvin's name—much less her race or sex—this is a legitimate, nondiscriminatory justification. The burden shifts back to Colvin to demonstrate USPS's proffered reason is a pretext.

Colvin has offered no proof that USPS's justification is pretextual. As the administrative judge and EEOC stated below, Colvin does not contest that she was junior to Edler. Doc. 58-3 at 14, 23. Moreover, the roster of employees provided by USPS shows

10

Colvin was the least senior clerk at the Downtown Branch. Doc. 58-1 at 11. Colvin, nevertheless, argues Edler was not qualified because he had to receive brush up training. Doc. 61 at 4. Colvin misunderstands her burden.

A plaintiff under Title VII does not prove her case by simply noting that someone less qualified procured a job the plaintiff believes she should have received. Title VII is not satisfied even if a court agrees the employer made a personnel mistake. Instead, the plaintiff must establish that their employer discriminated against them because of their protected class status. *Brooks v. Cnty. Comm'n of Jefferson Cnty.*, 446 F.3d 1160, 1163 (11th Cir. 2006) (quoting *Alexander v. Fulton Cnty.*, 207 F.3d 1303, 1339 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003)). Indeed, the Eleventh Circuit has proclaimed, "[A] plaintiff may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reasons, at least not where the reason is one that might motivate a reasonable employer." *Id.* (quoting *Alexander*, 207 F.3d at 1339).

Thus, while Colvin might disagree with or question USPS's decision to excess her while training Edler and keeping him at the Downtown Branch, these facts do not prove discrimination on the basis of race or sex. Instead, the facts, which are not genuinely disputed by Colvin through citations to evidence, indicate USPS's decision was motivated by overstaffing at the Downtown Branch, and USPS excessed the most junior clerk from that location to address the overstaffing. This decision accorded with the collective bargaining agreement, and alleviating overstaffing is a consideration that would "motivate a reasonable employer." *Id.* (quoting *Alexander*, 207 F.3d at 1339). Furthermore, Colvin

has presented no evidence that Carlin knew her race or sex before deciding to involuntarily reassign her. From this record, no reasonable trier of fact could determine USPS's proffered justification for excessing Colvin was pretextual. Because Colvin bears the ultimate burden of proving intentional discrimination but has failed to do so, USPS is entitled to judgment as a matter of law.

## IV.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS:

1. USPS's Motion for Summary Judgment (Doc. 57) be GRANTED.

2. Judgment be entered in favor of USPS.

3. This case be DISMISSED.

It is further ORDERED that, **by October 28, 2022**, the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.

1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 14th day of October, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE